UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN MILLS,<br><br>               Plaintiff,<br><br>   v.<br><br>INTERMOUNTAIN GAS COMPANY, an Idaho Corporation, MDU RESOURCES GROUP, INC., a publicly traded company; and UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY OF THE UNITED STATES AND CANADA LOCAL 296,<br><br>               Defendants. | Case No. 1:10-CV-00290-EJL-CWD<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

On February 24, 2012, United States Magistrate Judge Candy W. Dale issued a Report and Recommendation (Docket No. 84) in this matter. Pursuant to 28 U.S.C. § 636(b)(1), the parties had until March 9, 2012 in which to file written objections to the Report and Recommendation. No objections were filed by the parties.

**ORDER ADOPTING REPORT AND RECOMMENDATION - 1**

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Moreover, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. See Ciapponi, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties)
> . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). In this case, no objections were filed so the Court need not conduct a de novo determination of the Report and Recommendation.   The Court did, however, review the Report and Recommendation and the record in this matter and finds the Report and Recommendation to be well-founded in the law based on the facts of this particular case.

**THEREFORE, IT IS HEREBY ORDERED** that the Report and Recommendation (Docket No. 84) shall be **INCORPORATED** by reference and **ADOPTED** in its entirety.

**ORDER ADOPTING REPORT AND RECOMMENDATION - 2**

**IT IS THEREFORE ORDERED**:

1) Motion for Summary Judgment of Defendant United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada Local 296 of Boise (Docket No. 42) shall be **GRANTED**; and

2) Motion for Summary Judgment of Defendants Intermountain Gas Company and MDU Resources Group, Inc., (Docket No. 40) shall be **GRANTED**.

3) Plaintiff Mills' claims for violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq.* and the Idaho Wage Claim Act, Idaho code §§ 45-601, *et. seq.* for unpaid regluar and overtime wages remain. The trial for these remaining claims shall be set for **July 10, 2012**.

- A) **Motions in limine**, if any, shall be filed thirty (30) days prior to trial. Response to motions in limine, if any, shall be filed within fourteen (14) days from the filing of the motion.

- B) **Witness Lists:** Witness lists shall be filed fourteen (14) days prior to trial, unless otherwise ordered or agreed upon. Witness lists shall contain the material listed in Fed. R. Civ. P. 26(a)(3)(A)&(B), and shall include a brief description of the subject matter of the witnesses' expected testimony.

- C) **Exhibits and Exhibit Lists:** Exhibit list shall be exchanged between the parties and submitted to the Court within fourteen (14) days prior to trial. The exhibit lists shall follow the guidelines set out in Local Rule 16.3. Plaintiff's Exhibits should be numbered and listed starting with "1." Defendant shall contact Ms. Anne Lawron, In-court Deputy, 334-9022, to receive their exhibit numbers. If

either side has multiple parties or numerous exhibits, contact Ms. Lawron for number assignments. Each exhibit should be labeled with a color-coded sticker. (Yellow for plaintiff; blue for defendant. Stickers are available at the Clerk's Office, US courthouse.) The number of the exhibit and number of the case should be on all exhibits. A copy of the exhibits should be delivered to opposing counsel. A set of originally marked exhibits and a copy of the exhibit list shall also be delivered to Ms. Lawron on the day of trial, along with two complete sets of exhibit copies and exhibit lists for use of the Court and staff attorney. Impeachment exhibits will be marked, sealed and delivered only to the Court. Except for good cause shown, no exhibits or testimony will be received in evidence at trial unless presented in accordance with this order.

D) **Pre-Trial Briefs:** Trial briefs shall be exchanged between the parties and submitted to the Court within fourteen (14) days prior to trial. The Court is to be advised and briefed on all anticipated evidentiary problems <u>before</u> trial; no motions will be heard on the morning of a trial unless approved by the court in advance.

E) **Jury Instructions:** All proposed jury instructions are required to be filed and served at least fourteen (14) days prior to trial. The proposed jury instructions shall follow the guidelines set forth in Local Rule 51.1. Proposed jury instructions shall also be provided to chambers by sending a "clean" set without cites or numbers, in a Wordperfect compatible document, to EJL_Orders@id.uscourts.gov.

F) **Proposed Voir Dire:** All proposed voir dire questions are to be filed at least fourteen (14) days prior to trial. The Court will conduct voir dire of the jury panel. Counsel will be allowed to briefly question the jury panel following the Court's voir dire.

**ORDER ADOPTING REPORT AND RECOMMENDATION - 4**

G) **Trial Times:** The jury trial shall begin on **July 10, 2012** at **9:30 a.m.** in the Federal Courthouse in **Boise**, Idaho.[1] The trial is tentatively scheduled for four days. Thereafter, the trial shall be conducted from 9:00 a.m. to 4:00 p.m. A continuance for reason will be granted only upon a showing of extraordinary circumstances.

DATED: **March 12, 2012**

Honorable Edward J. Lodge
U. S. District Judge

---

[1] The parties are further advised that criminal matters may also be set on that date, which would supersede all civil settings; however, civil matters would commence in the order set at the conclusion of any criminal proceedings, if time allows.

**ORDER ADOPTING REPORT AND RECOMMENDATION - 5**